IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SIDNEY MARTS,

       Petitioner,

v.                                CASE NO. 3:17-cv-260-LC-GRJ

SECRETARY, FLA. DEP'T
OF CORRECTIONS,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on April 20, 2017, by filing ECF No. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, a state prisoner incarcerated at Taylor Correctional Institution, challenges his 2008 Escambia County conviction,[1] for which he was sentenced to three consecutive terms of imprisonment.

There are several problems, however, with Petitioner's petition. For starters, Petitioner did not pay the $5.00 filing fee, nor did he file a motion for leave to proceed as a pauper. He also failed to file his petition on the proper court-approved form.

---

[1] The petition does not indicate the charges on which he was convicted.

Furthermore, although Petitioner filed his petition under § 2241, it is clear that it is a request for the type of relief afforded by 28 U.S.C. § 2254. Section 2254(a) provides,

> [t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The Eleventh Circuit has clarified the situations in which a state prisoner's habeas petition is subject to § 2241 instead of § 2254:

> [A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoner. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

*Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003).

"A federal court may recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." *Rameses v. United States Dist. Ct.*, 523 F.

App'x 691, 695 (11th Cir. 2013) (citing *Castro v. United States*, 540 U.S. 375, 381–82 (2003)). Thus, courts should look beyond the title of a document in order to properly analyze the substance of the document. *See id.* at 695 (determining that the district court properly construed petitioner's motion for extraordinary remedy of specific performance as an application for a writ of habeas corpus filed under § 2254); *Spivey v. State Bd. of Pardons & Paroles*, 279 F.3d 1301, 1302 n.1 (11th Cir. 2002) ("Although Spivey has labeled his claim artfully [as a 42 U.S.C. § 1983 claim] . . . . [w]e readily conclude that his claim necessarily implies a challenge to the imposition of his sentence, and thus, must be deemed a habeas corpus claim seeking a stay of execution.").

Petitioner challenges his conviction and sentence entered in Escambia County, Florida, on September 8, 2008. (ECF No. 1.) There is no question that Petitioner is in custody pursuant to the judgment of a state court. Accordingly, although Petitioner has titled his petition as a § 2241 petition, the petition is properly characterized as a § 2254 petition.

A review of PACER also reveals that Petitioner has previously filed

multiple petitions under § 2254 challenging the same conviction.[2] In order to file a second or successive § 2254 petition, Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255). Petitioner must therefore show that he has obtained an order from the Eleventh Circuit authorizing this Court to consider his Petition.

Accordingly, the Court issued an order on May 1, 2017, ordering Petitioner to (1) file evidence of authorization from the Eleventh Circuit for this Court to consider his petition, and (2) either file a motion for leave to proceed as a pauper or pay the $5.00 habeas filing fee, no later than May

---

[2] *See, e.g., Marts v. Secretary, Fla. Dep't of Corrections*, No. 3:13-cv-399-RV-EMT (N.D. Fla. Sept. 8, 2015) (discussing several prior petitions challenging the same conviction and sentence and dismissing the petition as an unauthorized successive petition).

31, 2017. (ECF No. 3.) The Court warned Petitioner that "[f]ailure to comply with this order as instructed, or to show cause as to why Petitioner is unable to comply, may result in the dismissal of this case for failure to prosecute and failure to comply with an order of this court." (*Id.* at 5.)

On May 11, 2017, Petitioner appealed the Court's order, (ECF No. 3), to the district judge. (ECF No. 5.) The district judge denied Petitioner's appeal on May 17, 2017, finding the undersigned's order, (ECF No. 3), neither clearly erroneous nor contrary to law. (ECF No. 5.) As of the date of this report and recommendation, however, Petitioner has failed to file evidence of authorization from the Eleventh Circuit for this Court to consider his petition, and either file a motion for leave to proceed as a pauper or pay the $5.00 habeas filing fee.

Additionally, further review of the Eleventh Circuit Court of Appeals Docket indicates that Petitioner has not obtained authorization from the Eleventh Circuit to file a successive § 2254 petition. In fact, the Eleventh Circuit denied Petitioner's application to file a successive § 2254 petition based on the same conviction and sentence two different times. *See In re: Sidney Marts*, No. 15-10086, Doc. 2 (11th Cir. Jan. 20, 2015); *In re: Sidney Marts*, No. 14-11581, Doc. 3 (11th Cir. Apr. 22, 2014). It is therefore clear

that Petitioner has not obtained the requisite authorization from the

Eleventh Circuit for this Court to consider his successive petition.

Accordingly, the Court must dismiss the instant petition for lack of

jurisdiction. *See McCallum v. McDonough*, 257 F. App'x 157, 159 (11th Cir.

2007) (reiterating that a district court lacks jurisdiction under the

Antiterrorism and Effective Death Penalty Act (AEDPA) to consider a

second or successive habeas petition that has not been previously

authorized to be filed by an appellate court pursuant to § 2244(b)(3)(A))

(citing *Hill v. Hooper*, 112 F.2d 1088, 1089 (11th Cir. 1997)).

In light of the foregoing, it is respectfully **RECOMMENDED** that the

petition for a writ of habeas corpus, ECF No. 1, should be **DISMISSED** and

all pending motions should be **TERMINATED**.

**IN CHAMBERS** this 26th  day of June, 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be
filed within fourteen (14) days after being served a copy thereof. <u>Any</u>**

**different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.